# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

No. 15-50476
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONEL WILSON-HOOKER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-56-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Leonel Wilson-Hooker appeals his 15-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry. Wilson-Hooker asserts that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). In support of this argument, he maintains that the U.S.S.G. § 2L1.2 illegal reentry sentencing guideline should not be afforded a presumption of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50476

reasonableness because it is not empirically based, double counts certain predicate criminal convictions, overstates the seriousness of the illegal reentry offense, and does not provide just punishment for the offense. Wilson-Hooker additionally asserts that his sentence fails to reflect his personal history and characteristics, namely, his terrible childhood, conscription with the Contras, unsuccessful attempt to gain political asylum in the United States, and motive for returning to the United States.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a sentence falls within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Wilson-Hooker's empirical basis challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago*, 564 F. 3d 357, 366 (5th Cir. 2009). We have rejected the argument that a sentence imposed under § 2L1.2 is substantively unreasonable because certain predicate criminal convictions are double counted in the computation of a defendant's guidelines range. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the assertion that § 2L1.2 overstates the seriousness of illegal reentry. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Finally, Wilson-Hooker's remaining arguments are nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show the district court abused its

No. 15-50476

discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.